**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THE ESTATE OF CURTIS ARRINGTON**
**and FRANCES ARRINGTON, as Surviving**
**Spouse Individually and as Personal**
**Representative of the Estate of CURTIS**
**ARRINGTON,**

    **Plaintiffs,**

v.                                                                              Case No.  8:10-cv-2022-T-30AEP

**SKY CIRCLE K TAMPA HOLDINGS, LLC**
**and CIRCLE K STORES INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Count One of Plaintiffs' Complaint (Dkt. 6), Defendants' Memorandum in Support (Dkt.7), and Plaintiffs' Response in opposition (Dkt. 8).  The Court, having reviewed the motion, memorandum, response, and being otherwise advised in the premises, concludes that the motion should be granted and that Count I of Plaintiffs' Complaint should be dismissed without prejudice to amend.

## DISCUSSION

This case arises from an incident that occurred on July 22, 2008 at Defendants' convenience store/gas station (the "Store").  Specifically, on July 22, 2008, Curtis Arrington ("Arrington"), a business invitee, suffered a heart attack while using the bathroom at the

Store. Plaintiffs allege that Arrington was locked in the bathroom and that it took the store clerk and store manager working during that time an inordinate amount of time to find a second key in order to have access to Arrington and render life-saving procedures. Plaintiffs contend in Count I of their Complaint that Defendants negligently supervised the store clerk and other employees, because Defendants were aware or should have been aware that the store clerk and other employees working at the Store were not fit for employment. In Count II, Plaintiffs allege that Defendants owed Arrington a duty to maintain the Store in a reasonably safe condition for the safety of business invitees on the premises. Plaintiffs further allege that duty included the duty to retain an additional bathroom key in a standard, secure location in the event it was needed to access the bathroom during an emergency.

Defendants move to dismiss Count I, arguing that Plaintiffs do not allege sufficient facts of Defendants' knowledge of potential issues or problems with their employees that led to the July 22, 2008 incident. Defendants also move for dismissal because they argue Florida law does not recognize a common law cause of action based on negligent failure to maintain an additional bathroom key in a standard, secure location and failure to render life-saving procedures.

The Court agrees in part. Turning to Defendants' first argument, upon review of the Complaint, the Court agrees that Plaintiffs did not include sufficient allegations of Defendants' knowledge, either actual or constructive, of problems with their employees. And a claim for negligent supervision occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that

indicate the employee's unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment. *Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005) (*citing Garcia v. Duffy,* 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986)). Under Florida law, a plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action. *Id.* Importantly, under the factual pleadings standard, absent the necessary factual allegations, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Accordingly, Count I must be dismissed without prejudice due to the absence of the necessary factual allegations in support of the negligent supervision claim. Plaintiffs may amend this claim within fourteen (14) days from the date of this Order.

Turning to Defendants' second argument in favor of dismissal of Count I, the Court does not agree that Plaintiffs failed to allege any underlying common law tort. Certainly, negligence on the part of a store employee, if pleaded properly, could constitute an underlying tort recognized under Florida common law, i.e., negligence. The cases Defendants cite in support of their argument are cases that conclude that sexual harassment is not an underlying common law tort. In those cases, the courts held that employers could not be liable under a theory of negligent supervision for an employee's acts of sexual harassment because sexual harassment is not a recognized tort under common law. Here,

however, an employee's failure to maintain the store in a reasonably safe condition for the safety of business invitees on the premises could amount to an underlying tort of negligence.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Count One of Plaintiffs' Complaint (Dkt. 6) is hereby GRANTED to the extent that Plaintiffs failed to allege sufficient facts of Defendants' knowledge, either actual or constructive, of problems with their employees, including the store clerk referenced throughout Plaintiffs' Complaint.

2. This dismissal is without prejudice to Plaintiffs to amend Count I within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2022.mtdismissDKT6.frm